IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| HOME POINT FINANCIAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 6:20-cv-01819-CEM-EJK |
| DONALD MARK LANE, CANDACE ROBERTSON, CHRISTOPHER WILKINS, and GUARANTY HOME MORTGAGE CORPORATION, | ) ) ) ) ) ) ) | Judge Carlos E. Mendoza |
| Defendants. | ) | |

**JOINT UNOPPOSED MOTION TO EXTEND EXPERT AND DISCOVERY DEADLINES BY APPROXIMATELY THIRTY DAYS**

Plaintiff Home Point Financial Corporation ("Home Point") and Defendants Donald Lane, Candace Robertson, Christopher Wilkins, and Guaranty Home Mortgage Corporation ("GHMC"), jointly move this Court, pursuant to Federal Rule of Civil Procedure 16(b)(4), to modify the September 14, 2022 Scheduling Order (Dkt. 136) to extend only the expert disclosure deadlines and discovery deadline in this case by approximately 30 days. Good cause exists for the requested extension because, while the Parties have proceeded diligently and in good faith with their discovery obligations, additional time is needed to adequately prepare expert reports and to address and complete the remaining discovery issues. In support of this Joint Motion, the Parties state as follows:

1

1. On September 7, 2022, the Court denied GHMC's Motion to Dismiss the First Amended Complaint (Dkt. 107), which alleged that this Court does not have personal jurisdiction over GHMC. Dkt. 137.

2. Since then, the Parties have been engaged in discovery. For example, Defendant Robertson has served written discovery on Home Point, to which Home Point responded, and Home Point has served written discovery on both GHMC and Robertson.[1] GHMC has submitted written responses and objections, and Robertson's responses are due shortly. Home Point also served supplemental Rule 26 disclosures. The Parties are also in the process of scheduling additional depositions.

3. Despite the Parties' good-faith and diligent efforts to complete discovery, the Parties agree that additional time is needed in order for the Parties to prepare expert witness reports and to address remaining discovery needs.

4. Accordingly, the Parties request that Plaintiff's expert report deadline, Defendants' expert report deadline, the expert rebuttal deadline, and the deadline for completing all discovery each be extended by approximately 30 days as follows:

---

[1] Notably, prior to the Court's denial of Defendants' motion to dismiss (Dkt. 137) Home Point's discovery as to Robertson was limited to non-party discovery, and Home Point's discovery as to GHMC was limited to jurisdictional discovery.

| Action or Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Plaintiff's expert report | March 31, 2023 | April 28, 2023 |
| Defendants' expert report | May 1, 2023 | June 1, 2023 |
| Rebuttal expert report | May 1, 2023 | June 15, 2023 |
| Completion of discovery and motions to compel discovery | June 15, 2023 | July 15, 2023 |
| Dispositive and Daubert motions | September 1, 2023 | UNCHANGED |
| Mediation | July 31, 2023 | UNCHANGED |
| Joint pretrial meeting | November 20, 2023 | UNCHANGED |
| Filing of joint final pretrial statement; any other motions; including motions in limine; jointly proposed jury instructions, and jointly proposed verdict form | January 15, 2024 | UNCHANGED |
| Trial Status Conference | January 18, 2024, at 10:00 AM in Courtroom 5B | UNCHANGED |
| Trial Term | March 2024 | UNCHANGED |

5. The Parties are not seeking an extension of any other deadlines contained in the September 14, 2022 Scheduling Order (Dkt. 136), and the Parties do not anticipate that the current dispositive motion, mediation, or trial deadlines will be impacted as a result of this limited extension.

6. This request is made in good faith and for good cause and not for the purpose of delay.

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court extend the expert and discovery deadlines in the September 14, 2022 Scheduling Order (Dkt.

3

136) by approximately 30 days as specifically outlined above.

## LOCAL RULE 3.01(g) CERTIFICATION

The Parties conferred about this joint motion by email and agreed that the relief sought herein is appropriate.

Dated:  March 30, 2023

Respectfully submitted,

By:  /s/ Andrew S. Rosenman
MAYER BROWN LLP
Andrew S. Rosenman (*pro hac vice*)
Lucy L. Holifield (*pro hac vice*)
71 South Wacker Drive
Chicago, IL 60606
Phone:  312-782-0600
Fax:  312-701-7711
arosenman@mayerbrown.com
lholifield@mayerbrown.com

and

MAYER BROWN LLP
Ruth Zadikany (*pro hac vice*)
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Phone:  213-229-9500
Fax:  213-576-8179
rzadikany@mayerbrown.com

and

ALLEN NORTON & BLUE, P.A.
David J. Stefany
Barron F. Dickinson
324 South Hyde Park Avenue
Tampa, FL  33606
Phone:  813-251-1210
Fax:  813- 253-2006
dstefany@anblaw.com

bdickinson@anblaw.com

*Counsel for Plaintiff,*
*HOME POINT FINANCIAL CORPORATION*


/s/ Matthew F. Hall
S. Gordon Hill (FBN 0094374)
Gordon.Hill@hwhlaw.com
Matthew F. Hall (FBN 092430)
Matthew.Hall@hwhlaw.com
Debra.Whitworth@hwhlaw.com
Hill Ward & Henderson, P.A.
101 E. Kennedy Blvd., Suite 3700
Tampa, FL 3361-2231
813.221.3900 – Telephone
813.221.2900 – Facsimile

*Counsel for Defendants Donald Mark*
*Lane, Candace Robertson, Christopher*
*Wilkins, and Guaranty Home Mortgage*
*Corporation*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 30, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which should provide notice to counsel of record on the docket.

      /s/ Lucy L. Holifield
      Attorney